### JOHN McRAE v. P. H. O'HARA.[1]

Aug. 6, 1895.

Nos. 9344—(227).

**Growing Crops—Mortgages of Undivided Interests.**

> As between mortgages upon separate undivided shares of a growing crop, the date of the execution, delivery, and filing of the same is immaterial. The mortgagees have the rights of tenants in common. If a portion of the crop is destroyed by the elements, or is appropriated by a wrongdoer before a division, the balance is to be divided between the mortgagees as if none had been lost or misappropriated, and according to the interests as fixed in the mortgages.

Appeal by defendant from a judgment of the district court for Big Stone county, in favor of plaintiff for $68.03, entered in pursuance of the findings and order of C. L. Brown, J. Reversed.

*F. L. Cliff*, for appellant.

*E. T. Young*, for respondent.

COLLINS, J. To secure the payment of a note for $305.78, plaintiff held a mortgage executed and filed in January, 1893, upon an undivided third of a crop to be raised on the land of the mortgagor, one Kruger, that year; and to secure the payment of a note for $160, defendant held a mortgage executed and filed in April, 1893,

1 Reported in 64 N. W. 146.

on the whole of said crop. Seven hundred and thirty bushels of wheat were harvested and threshed by the mortgagor, and of this he delivered 132½ bushels, of the value of $68.80, to plaintiff, and 164½ bushels, of the value of $92.12, to defendant. The balance of the crop was wrongfully disposed of by the mortgagor, or unlawfully appropriated by his general creditors. Plaintiff brought this action in conversion, against defendant, upon the theory that he was entitled to recover the value of such part of one-third of the whole as he had failed to receive. The court below so held, stating that plaintiff was entitled to a full third of all grain raised, ordering judgment against defendant.

The court was in error. Plaintiff's mortgage was simply a first lien upon an undivided third of the crop, while defendant's was a second lien upon the same third and a first lien on the balance, an undivided two-thirds. So far as these thirds were concerned, there was no priority of right between the mortgagees, or superiority of rank between the mortgages. As to their respective shares, or thirds, the mortgagees stood upon an equal footing, and precisely as if their mortgages had been simultaneously executed, delivered, and filed. Of the grain raised plaintiff was entitled to one-third and defendant to two-thirds, and had none of it disappeared no dispute over a division would have arisen. Had a part of it been destroyed by the elements while in the mortgagor's possession, the respective rights and interests of the mortgagees in the balance would have remained the same, and on principle it can make no difference that, instead of destruction of a portion or the whole by the elements, the loss has come through wrongful acts, neither of these parties being connected with the wrongdoers. Their rights were those of tenants in common. As the defendant received less than he was entitled to of the grain which was not misappropriated, plaintiff had no cause of action.

Judgment reversed.